RICHARD E. AND CHARLOTTE S. SCHAFER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schafer v. Commissioner
Docket No. 5508-89
United States Tax Court
T.C. Memo 1994-569; 1994 Tax Ct. Memo LEXIS 578; 68 T.C.M. (CCH) 1216; November 21, 1994, Filed *578 Decision will be entered for respondent. Richard E. Schafer, pro se. For respondent: James D. Hill WOLFE
WOLFE
MEMORANDUM OPINION WOLFE, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency of $ 6,591 in petitioners' joint Federal income tax for 1984 and an addition to tax under section 6653(a)(1) in the amount of $ 329.55. Respondent asserted other additions to tax in her answer. After concessions by both parties, the issues for decision with respect to petitioners' 1984 Federal income tax are: (1) Whether petitioners are entitled to a deduction in the amount of $ 8,000 for cash expenditures made for an investment in the Gold Depository and Loan Company (GD&L); and (2) whether petitioners are liable for an addition to tax for negligence *579 or disregard of rules or regulations pursuant to section 6653(a)(1). Petitioners also object to respondent's alleged failure to apply claimed prepayment credits from 1984 to subsequent taxable years. The record does not include detailed information concerning petitioners' alleged prepayment credits for 1984, and any disputes concerning such matters were not presented for decision. Some of the facts have been stipulated and are so found. Petitioners resided in the State of Ohio when their petition was filed. Richard E. Schafer (petitioner) holds an undergraduate degree from Ohio State University, has taken graduate courses toward an M.B.A. and some tax courses at the Ohio State Law School, and has been a certified public accountant for over 20 years. He characterizes himself as a sophisticated business accountant. During 1984, petitioner's accounting firm, Richard E. Schafer & Company, was the accountant for Capital Concepts Agency, Inc. (Capital Concepts). Gold Depository and Loan Company (GD&L) first came to petitioner's attention in 1984. GD&L was a company that promoted and purported to sell marine dry cargo containers of the type used by ocean-going cargo vessels for *580 the carriage of dry cargo. The specific features of the GD&L investment plan and the assets petitioner believed he was purchasing are described in detail in ; ; and . GD&L was one of many companies in the Co-Op Banking Group Companies. During 1984, petitioner met with Don Schlater (Schlater), a promoter of the GD&L container program and the president and founder of Capital Concepts. Capital Concepts provided petitioner with a GD&L prospectus, a GD&L container program tax opinion, and various other materials related to the dry-cargo marine container industry. In October of 1984, petitioner contacted James Bownas (Bownas), an attorney who worked for Schlater and who prepared the tax opinion for the GD&L container program. Bownas informed petitioner that prior to rendering his tax opinion with respect to the GD&L container program he had spoken only with accountants representing the GD&L companies. In November of 1984, petitioner invested in GD&L. He signed *581 an agreement for the purported purchase and lease of ten 40-foot marine dry cargo containers and thirty 20-foot containers. Petitioner relied upon GD&L to handle the management and operation of the container leasing activities. Petitioner did not examine any GD&L containers, did not review any of the leases, and did not know the identity of the alleged lessees of his containers. Petitioner paid GD&L cash in the amount of $ 5,000 for containers having a reported value of $ 100,000. Petitioner alleges that the balance, $ 95,000, was represented by a note from Co-Op Investment Bank, Ltd., a Co-Op Banking Group Company. Petitioner does not have a copy of the note. Petitioner never made any payments of interest or principal towards any such indebtedness. Petitioner also paid $ 3,000 to Capital Concepts for that entity's assistance in effecting petitioner's transactions with GD&L. On December 31, 1984, GD&L, through Co-Op Investment Bank, Ltd., issued an income and expense statement for 1984 to petitioner. Based upon the information contained in the income and expense statement, petitioners reported the GD&L transactions on Schedule C of their joint 1984 Federal income tax return. *582 Petitioners claimed a loss associated with petitioner Richard E. Schafer's GD&L investment in the amount of $ 8,872, as well as an investment tax credit related to GD&L in the amount of $ 4,141. In the notice of deficiency issued to petitioners for the year in issue, respondent disallowed the claimed Schedule C loss and the entire investment tax credit for petitioner Richard E. Schafer's investment in GD&L. Respondent's determinations as to petitioners' tax liability are presumed correct, and petitioners have the burden of proving otherwise. Rule 142(a); . [2]
At trial, petitioner acknowledged that he believed that the containers purportedly sold to him by GD&L never existed *583 and that the GD&L container program was a "sham". Consequently, petitioners conceded that they are not entitled to the investment tax credit and Schedule C loss claimed with respect to petitioner Richard E. Schafer's investment in GD&L. However, petitioners contend that they should be allowed to deduct out-of-pocket expenditures in the amount of $ 8,000 ($ 5,000 paid to GD&L and $ 3,000 paid to Capital Concepts) made for the GD&L investment on the grounds that petitioner Richard E. Schafer had a profit objective with respect to the investment. In general, section 165(a) allows a deduction for losses sustained during the taxable year. In the case of an individual, a loss is deductible only if it is incurred in a trade or business, in a transaction entered into for profit, or as a result of a casualty or theft. Sec. 165(c). Petitioners contend that they are entitled to a business loss or deduction with respect to their out-of-pocket expenditures related to Richard E. Schafer's investment in GD&L because Richard E. Schafer had a profit objective when he entered into the GD&L container program. To be valid, an asserted deduction under section 165 for a transaction entered into *584 for profit must satisfy both components of a two-part test: (1) The transaction must have economic substance; and (2) the taxpayer must have been motivated by profit to participate in the transaction. , affg. . [3] The economic substance test consists of an examination of the transaction, not the taxpayer. . If the transaction lacks economic substance, then the deduction must be disallowed without regard to the taxpayer's intent. Id.
We have considered the GD&L container program in other cases, and have concluded that the containers did not exist, the purported sales transactions were shams, and the program completely *585 lacked economic substance. E.g., ; ; ; ; (the GD&L program was a factual sham); ("the GD&L program was completely lacking in economic substance and was simply a sham"); . Petitioner has not shown that his GD&L transaction is distinguishable from those in the cases cited above. Consequently, even if we were to assume that petitioner was motivated by profit, his out-of-pocket expenditures associated with his GD&L investment still would not be deductible because the GD&L container sales and leasing program lacked economic substance. See ; ; *586 . Accordingly, respondent's determinations with respect to this issue are sustained. Respondent also determined that petitioners were liable for the addition to tax for negligence or disregard of rules or regulations under section 6653(a)(1). Respondent's determination of negligence is presumed correct, and petitioners have the burden to prove otherwise. . Negligence is defined as the failure to exercise the due care of a reasonable and ordinarily prudent person under like circumstances. . Petitioners contend that they were not negligent in claiming a business loss and investment tax credit on their joint 1984 Federal income tax return with respect to the GD&L investment. Petitioner Richard E. Schafer argues that he is an experienced investor and that before investing in GD&L he made a thorough and comprehensive evaluation of the merits of the investment. Prior to investing in the GD&L container program, petitioner had no experience in the marine *587 dry cargo container industry. Moreover, prior to investing in GD&L, petitioner did not consult any industry experts or read any industry publications, except the annual report of a container leasing company other than GD&L. Petitioner testified that he carefully read the prospectus and promotional materials provided by GD&L and made an independent evaluation of the investment's feasibility based on his general knowledge of business. In addition, petitioner testified that he relied almost exclusively on the business expertise and representations of Schlater and Bownas in deciding to invest in GD&L during the year in issue. Prior to promoting the GD&L container sales and leasing program, Schlater had no business experience in buying, selling, or leasing marine dry cargo containers. Bownas had no experience in the container industry prior to preparing his tax opinion. Petitioner did not examine any GD&L containers, review any leases of GD&L containers, or know the identity of any of the alleged lessees of his containers. He did not insure them or determine whether GD&L was insuring them. A prudent investor who had made a $ 100,000 purchase of property would have done more. In *588 addition, petitioner testified that by the time he filed his 1984 Federal income tax return, he doubted that the containers had a value of $ 100,000, and he was suspicious of the GD&L transactions. Nevertheless, petitioner claimed an investment tax credit based upon property with a purported value of $ 100,000 and claimed a loss with respect to his GD&L investment based upon the documentation provided by GD&L. Petitioner relied solely on the representations made in the offering memorandum and by persons having a financial connection with GD&L. The failure of petitioner to make a meaningful investigation beyond the promotional materials supplied by GD&L or to consult independent advisers is not reasonable or in keeping with the standard of the reasonable and ordinarily prudent investor. Petitioner's representations and arguments as to his expertise in business, accounting, and tax only emphasize his lack of prudence and care in this transaction. Based on the record before us, we must conclude that petitioners are liable for the addition to tax for negligence. Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the tax year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. On brief, petitioners requested that the Court order an attorney for respondent to submit her business qualifications to the Court and petitioners. The business experience of respondent's counsel has no bearing on this case. Therefore, we deny petitioners' request.↩
3. Appeal in the instant case lies to the Court of Appeals for the Sixth Circuit. See , affd. .↩